IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAWN PATRICK ELLIS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CABARRUS COUNTY SHERIFF'S OFFICE, et al,<br><br>　　Defendants. | BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS<br><br>Case No. 1:22-cv-00573 |

Defendants move to dismiss the complaint pursuant to Federal Rules of Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted because it is facially barred by the applicable statute of limitations and failed to adequately allege agency and supervisory liability.

## I.    Nature of the Matter and Statement of Facts

Plaintiff filed this matter *pro se* on July 21, 2022, for a violation of his civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 2). The complaint stems from a search conducted of the Plaintiff's home on September 9, 2014 by Defendants Helms and Klinglesmith. These defendants served as detectives with the Cabarrus County Sheriff's Office at the time. (ECF No. 2, p. 4).

Defendants Helms and Klinglesmith were investigating the theft of earth moving equipment near the Plaintiff's home. As part of the investigation, Defendants Helms and Klinglesmith attempted to conduct a "knock and talk" at the Plaintiff's home. Defendants

Helms and Klinglesmith were unable to make contact with the Plaintiff. During their visit, they both smelled the odor of marijuana and observed marijuana plants being cultivated under the house while searching the house's curtilage. After further investigation, Plaintiff was charged on September 29, 2014, with manufacturing marijuana, trafficking in marijuana, possessing drug paraphernalia, possessing marijuana with intent to sell or deliver, maintaining a dwelling used for keeping and selling a controlled substance, and trafficking in opiates.

Prior to trial, Plaintiff filed a motion to suppress "all evidence of any kind" including seized drugs, statements of the defendant, or any other witnesses present at the time of the search. The trial court denied the motion. Plaintiff, after reserving his right to appeal, entered *Alford* pleas to all but one of the charges. Following entry of judgment, Plaintiff filed a written notice of appeal.

On June 18, 2019, the North Carolina Court of Appeals issued an opinion reversing the trial court's denial of the motion to suppress and judgments entered pursuant to the Plaintiff's *Alford* pleas. The opinion, *State v. Ellis*, 266 N.C. App. 115, 829 S.E.2d 912 (2019), more fully recounts the facts of the case and is attached as Exhibit A to this brief.

Almost eight years after the search and more than three years after the Court of Appeals' decision, Plaintiff is now suing Defendants Helms and Klinglesmith in their individual and official capacities for violating his Fourth Amendment rights. He is also suing Defendant David Brad Riley in his official and individual capacities. Defendant Riley was Sheriff at the time of the incident, but has since retired. Plaintiff claims that

2 of 13

Case 1:22-cv-00573-LCB-JEP   Document 14   Filed 10/28/22   Page 2 of 13

Mr. Riley "was responsible for training and conduct of his subordinates". Plaintiff also named the Cabarrus County Sheriff's Office for having "failed to properly train their employees". Plaintiff claims that he experienced "PTSD like symptoms" following the incident.

Plaintiff seeks compensatory damages of $7,900 for incurred legal expenses, $33,000 in punitive damages, and a mandatory injunction requiring the Cabarrus County Sheriff's Office to "evaluate and revise their training policy involving knock and talks".

## II.  Questions Presented

1. Should the Plaintiff's complaint be dismissed because the applicable three-year statute of limitations expired prior to commencing the instant action?
2. Should the Plaintiff's official capacity claims against Defendants Helms, Klinglesmith, and Riley be dismissed because they are redundant?
3. Should the Plaintiff's claim against Defendant Cabarrus County Sheriff's Office be dismissed for failing to adequately plead a § 1983 claim under a failure to train theory?
4. Should the Plaintiff's claim against Defendant Riley, in his individual capacity, be dismissed for failing to adequately plead a § 1983 claim under a failure to supervise theory?

## III.  Argument

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the applicable statute of limitations has expired. In the

alternative, all claims should be dismissed, except for the individual capacity claims against Defendants Helms and Klinglesmith, because Plaintiff has failed to adequately plead claims of agency or supervisory liability under § 1983.

### A. Plaintiff's Complaint Should be Dismissed Because the Applicable Statute of Limitations Expired

The Plaintiff claims that the Defendants violated his federally protected rights under the color of law in violation of 42 U.S.C. § 1983 when they conducted a search of his home that was later determined to be unlawful. Per the complaint, this search occurred on "Tuesday, September 9th, 2014 at approximately 10:30 am." (ECF No. 2, p. 4). However, Plaintiff filed his complaint on July 21, 2022. As such, this suit is barred under the three-year statute of limitations applicable to claims under 42 U.S.C. § 1983 in North Carolina.

Federal law does not provide a specific statute of limitations governing § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985) (citing *O'Sullivan v. Felix*, 233 U.S. 318 (1914)). In the absence of a federal statute of limitations, courts apply the applicable state's statute of limitations for personal injury actions. *See id*. at 280. On this basis, the three-year statute of limitations period for personal injury actions under N.C. Gen. Stat. § 1-52(5) applies to claims arising under 42 U.S.C. § 1983 in North Carolina. *See Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth.*, 807 F.3d 62, 67 (4th Cir. 2015) (citing *Nat'l Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991)).

4 of 13

Case 1:22-cv-00573-LCB-JEP   Document 14   Filed 10/28/22   Page 4 of 13

The limitations period started when Defendants Helms and Klinglesmith searched the Plaintiff's home and curtilage on September 9, 2014.[1] Presumably, the unidentified acts underlying the failure to train and supervise claims against Defendant Riley, as well as the failure to train claim against Defendant Cabarrus County Sheriff's Office, occurred on or before this date. As such, the Plaintiff should have filed his claim no later than September 9, 2017.

Plaintiff had every opportunity to file suit within this strict deadline while released on bail. (ECF No. 2, p. 5) (citing damages caused by enduring "bond restrictions for nearly five years."). He did not. Instead, Plaintiff did not file the instant action until more than seven years after the search, which far exceeds the applicable three-year statute of limitations.

Further, even if the court were to equitably toll the statute of limitations during the pendency of the entire criminal process, a position rejected by the Supreme Court in *Wallace v. Kato*, 549 U.S. 384, 396-97 (2007), the Plaintiff's complaint would still be untimely. The Court of Appeals declared the search unlawful on May 7, 2019, thus under this theory, Plaintiff should have filed suit no later than May 7, 2022. He did not.

---

[1] "The limitations period for a § 1983 claim begins to run when the plaintiff has a complete and present cause of action -- in other words, when it could have filed suit and obtained relief." *Tommy Davis Constr., Inc.* at 67 (quoting *Wallace v. Kato*, 549 U.S. 384, 388) (internal quotations omitted). Further, Plaintiff's challenge of the Defendants' search of his home and its curtilage "do not necessarily imply the invalidity of his conviction and thus are not barred by [*Heck v. Humphrey*, 512 U.S. 477 (1994)]." *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015), *see also*, *Heck*, 512 U.S. at 487 n.7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.").

As such, the instant suit should be dismissed because it is barred by the statute of limitations.

### B. Official Capacity Claims Against Defendants Helms, Klinglesmith, and Riley are Redundant and Should be Dismissed

Plaintiff named Defendants Helms, Klinglesmith, and Riley in their personal and official capacities. (ECF No. 2, p. 2-3). The official capacity claims constitute a suit against the entity of which those officials are agents– in this case the Cabarrus County Sheriff's Office. *See Fisher v. Chapman*, No. 5:11-CT-03026-FL, 2011 U.S. Dist. LEXIS 73527, at *9 (E.D.N.C. May 18, 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.")). Since the Plaintiff has also named the Cabarrus County Sheriff's Office in his complaint, the official capacity claims against Defendants Helms, Klinglesmith, and Riley are redundant and should be dismissed. *See Gantt v. Whitaker*, 203 F. Supp. 2d 503, 508 (M.D.N.C. 2002) (citing *Ramsey v. Schauble*, 141 F. Supp. 2d 584, 591 (W.D.N.C. 2001)).

### C. Plaintiff's Allegations Are Insufficient to State a § 1983 Claim Against the Cabarrus County Sheriff's Office Under a Failure to Train Theory

Plaintiff claims that the Cabarrus County Sheriff's Office is liable under § 1983 because the office "failed to properly train their employees." (ECF No. 2, p. 4). However, Plaintiff has failed to adequately plead a § 1983 Claim Against the Cabarrus County Sheriff's Office Under a Failure to Train Theory.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*.

"There are four ways in which a municipality may be held liable for one of their policies or customs: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law." *A. G. v. City of Statesville*, No. 5:20-CV-00165, 2021 U.S. Dist. LEXIS 116779, at *21 (W.D.N.C. June 23, 2021) (quoting *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotes omitted).

In *Estate of Jones v. City of Martinsburg*, 961 F.3d 661 (4th Cir. 2020), the Fourth Circuit described the potential for a local government's failure to train as follows:

> For a municipality to be liable under § 1983 for failing to properly train police, the failure to train must "amount[] to deliberate indifference to the rights of persons with whom the police come into contact." See *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). If the City's failure to train reflects such a deliberate or consciously indifferent "policy," then its failure can fairly be said to be the "moving force [behind] the constitutional violation." See *id*. at 389 (alteration in original) (quoting *Monell*, 436 U.S. at 694). Additionally, the training deficiency "must be closely related to the ultimate injury," meaning it must

cause the incident. *Id.* at 391. Because *Monell* liability cannot be predicated on a theory of *respondeat superior*, a single incident is almost never enough to warrant municipal liability. *See Semple v. City of Moundsville*, 195 F.3d 708, 713-14 (4th Cir. 1999) ("[P]roof of a single incident of the unconstitutional activity charged is not sufficient to prove the existence of a municipal custom.").

> However, the Supreme Court has left open the possibility that "in light of the duties assigned to specific officers or employees the need for more or different training [may be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need"—the so-called *Canton* exception. *City of Canton*, 489 U.S. at 390; *see also Bd. of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) ("In *Canton*, we did not foreclose the possibility that evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability.").

*Id.* at 671-72. "When a plaintiff asserts a claim based on inadequate training, the complaint should contain facts revealing: (1) the nature of the training, (2) that the training was a 'deliberate or conscious' choice by the municipality, and (3) that the officer's conduct resulted from said training." *Harrington v. S. Health Partners, Inc.*, No. 1:21CV744, 2022 U.S. Dist. LEXIS 157925, at *13 (M.D.N.C. Sep. 1, 2022) (citations and internal quotations omitted).

Plaintiff's claim against the Cabarrus County Sheriff's Office's relies on a failure to train theory, but the complaint lacks any factual basis for this claim. Instead, it simply relies on the conclusionary statement that "Cabarrus County Sherriff's Office failed to properly train their employees." (ECF No. 2, p. 4). The complaint's sole reliance on a single unlawful search is not sufficient to allege liability. *See Semple,* 195 F.3d at 713-14.

8 of 13

Case 1:22-cv-00573-LCB-JEP   Document 14   Filed 10/28/22   Page 8 of 13

Further, the complaint fails to even approach the requirements for finding liability under the *Canton* exception. As such, the claim against the Cabarrus County Sheriff's Office should be dismissed because the complaint fails to make sufficient factual allegations to support liability under a failure to train theory of agency liability, nor any other theory of agency liability.

### D. Plaintiff's Allegations Are Insufficient to State a § 1983 Claim Against Defendant Riley Under Failure to Supervise Theory

Plaintiff claims that Defendant Riley should be held individually liable under § 1983 because "he was responsible for the training and conduct of his subordinates." (ECF No. 2, p. 4). Read liberally, Plaintiff is likely claiming supervisory liability against Defendant Riley for some failure to supervise. If so, Plaintiff has failed to provide a scintilla of factual allegations to justify this claim.

"At times, 'supervisory officials may be held liable . . . for the constitutional injuries inflicted by their subordinates.'" *Campbell v. Florian*, 972 F.3d 385, 398 (4th Cir. 2020) (quoting *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, a Plaintiff making a § 1983 claim must "show more than mere supervision." *Id*. Instead, "[t]he supervisor's own response to the knowledge of a risk of constitutional injury must be 'so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices.'" *Id*. (quoting *Randall v. Prince George's County, Maryland*, 302 F.3d 188, 203 (4th Cir. 2002).

9 of 13

Case 1:22-cv-00573-LCB-JEP   Document 14   Filed 10/28/22   Page 9 of 13

Based on these principles, the Fourth Circuit provides three necessary elements to successfully alleging supervisory liability under 42 U.S.C. § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;
>
> (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and
>
> (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotations and citations omitted).

The Plaintiff has not plead any facts to satisfy these elements. Instead, Plaintiff only offers a bare statement in the vein of *respondent superior*, which is not sufficient to allege supervisory liability in a § 1983 claim. *See Campbell* at 398 (quoting *Shaw* at 1798). As such, the claim of supervisory liability asserted against Defendant Riley in his individual capacity should be dismissed.

## IV. Conclusion

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the applicable statute of limitations has expired. In the alternative, all claims should be dismissed, except for the individual capacity claims against Defendants Helms and Klinglesmith, because Plaintiff has failed to adequately plead claims of municipal or supervisor liability under § 1983.

This the 28th day of October, 2022.

/s/ David B. Goldberg
David B. Goldberg, NC Bar No. 49229
Deputy County Attorney
Cabarrus County
PO Box 707
Concord NC 28026
Telephone: (704) 920-2408
Email: dbgoldberg@cabarruscounty.us
*Attorney for the Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAWN PATRICK ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CABARRUS COUNTY SHERIFF'S OFFICE, et al,<br><br>    Defendants. | **CERTIFICATE OF SERVICE- BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 1:22-cv-00573 |

I hereby certify that on October 28, 2022, I electronically filed the forgoing BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all registered users. I also certify that an electronic copy has been emailed to the Plaintiff, with the Plaintiff's prior consent, on this date at kellie321@hotmail.com.

This the 28th day of October, 2022.

                                         /s/ David B. Goldberg
                                         David B. Goldberg, NC Bar No. 49229
                                         Deputy County Attorney
                                         Cabarrus County
                                         PO Box 707
                                         Concord NC 28026
                                         Telephone: (704) 920-2408
                                         Email: dbgoldberg@cabarruscounty.us
                                         *Attorney for the Defendants*

CERTIFICATE OF WORD COUNT

This is to certify that the foregoing brief contains fewer than 6,250 words, after excluding the caption, signature lines, certificate of service and this certificate. Therefore, the foregoing brief complies with the length limitations set by Local Rule 7.3(d)(1). The basis for this certification is the word count feature of the word processing software used to prepare this brief.

/s/ David B. Goldberg
David B. Goldberg, NC Bar No. 49229
Deputy County Attorney
Cabarrus County
PO Box 707
Concord NC 28026
Telephone: (704) 920-2408
Email: dbgoldberg@cabarruscounty.us
*Attorney for the Defendants*
