IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAWN PATRICK ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22CV573 |
| ) | |
| CABARRUS COUNTY SHERIFF'S ) | |
| OFFICE, KEVIN M. KLINGLESMITH, ) | |
| JOSHUA HELMS, and DAVID BRAD ) | |
| RILEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Shawn Patrick Ellis brings this action pro se under 42 U.S.C. § 1983 based on events surrounding an encounter at his home with officers of the Cabarrus County Sheriff's Office. (ECF No. 2 at 4.) Before the Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 13.) Defendants' contentions include that this action is plainly barred by the applicable statute of limitations. (*Id.*) For the reasons that follow, the Court will grant Defendants' Motion to Dismiss.

**I.  BACKGROUND**

The Complaint alleges that officers of the Cabarrus County Sheriff's Office came to Plaintiff's home in Mount Pleasant, North Carolina on September 9, 2014, performed an illegal search of Plaintiff's property, and subsequently arrested Plaintiff. (ECF No. 2 at 4.) As a result of these events, Plaintiff was charged with an offense not specified in the Complaint,

"resulting in a nearly five year long court process," legal fees, and post-traumatic stress disorder. (*Id.* at 4–5.) Plaintiff now brings this action claiming a violation of his Fourth Amendment rights against the Sheriff's Office and certain individual officers. (*Id.* at 2, 5.)

## II. STANDARD OF REVIEW

A motion made under Rule 12(b)(6) challenges the legal sufficiency of the facts in the complaint, specifically whether the complaint satisfies the pleading standard under Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007)). A claim is plausible when the complaint alleges sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). The court "view[s] the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim." *United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013). "To succeed on a statute-of-limitations defense at this stage, all facts necessary to show the time bar must clearly appear 'on the face of the complaint.'" *Dickinson v. Univ. of N.C.*, 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) (quoting *Goodman v. Praxair, Inc.*, 494 F. 3d 458, 464 (4th Cir. 2007).

**III. DISCUSSION**

The Fourth Circuit has held that "§ 1983 claims arising in North Carolina are limited by 'the three-year period for personal injury actions set forth in [N.C. Gen. Stat.] § 1-52(5).'" *Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth.*, 807 F.3d 62, 67 (4th Cir. 2015) (quoting *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991)). "The limitations period for a § 1983 claim begins to run when the plaintiff 'has a complete and present cause of action'–in other words, when [he] could have 'file[d] suit and obtain[ed] relief.'" *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

Defendants argue that in this case the three-year limitations period began to run in September 2014 when officers allegedly searched Plaintiff's house. (ECF No. 14 at 4–5.) By that measure, this action, filed in July 2022, is plainly time barred. (*Id.*)

After Defendants filed their Motion to Dismiss on October 28, 2022, the Clerk of Court sent a *Roseboro* letter to Plaintiff informing him that he had the right to file a response and that his "failure to respond . . . within the allowed time may cause the court to conclude that the defendant's contentions are undisputed and/or that you no longer wish to pursue the matter." (ECF No. 15 at 1.) The letter also informed Plaintiff that his response was due within 21 days of the date of service of Defendants' Motion to Dismiss. (*Id.*) As of the date of this memorandum opinion and order, Plaintiff has not filed any response.

Given the foregoing, the Court finds that Plaintiff concedes that his claim is barred by the statute of limitations. The Court will therefore grant Defendants' Motion to Dismiss.[1]

---

[1] Defendants make additional arguments why their motion should be granted, (*see* ECF No. 14 at 5–10), however, the Court does not address these arguments because the time bar is a sufficient reason to dismiss this action.

3

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, (ECF No. 13), is **GRANTED**, and this action is **DISMISSED**.

This, the 24th day of May 2023.

/s/Loretta C. Biggs
United States District Judge
